IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **GARRETT E. CARSTARPHEN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | 99-C-2401-NE |
| TRW INC., | ) | |
| | ) | |
| Defendant. | ) | |

FILED
MAY 31 2002
UNITED STATES DISTRICT COURT
'ORTHERN DISTRICT OF ALABAMA

ENTERED
JUN 3 2002

## MEMORANDUM OPINION GRANTING MOTION TO DISMISS

Defendant TRW Inc. has filed a Motion to Dismiss or, in the alternative, to Compel Arbitration and Stay Pending Arbitration. For the reasons stated herein, the Court will grant Defendant's Motion to Dismiss.

### I. Facts

Plaintiff worked for TRW Inc. in various capacities for twenty (20) years before his termination on July 2, 1999. After being informed that his employment was to be terminated, Plaintiff filed a charge of discrimination with the EEOC on June 14, 1999 alleging discrimination under 29 U.S.C. § 621 *et seq.* ("ADEA"), 42 U.S.C. § 1981("Section 1981"), and 29 U.S.C. § 2000(e) *et seq.* ("Title VII").

Plaintiff filed his original Complaint in this Court on September 10, 1999, alleging claims under ADEA, Title VII, and § 1981. Throughout his original Complaint[1], Plaintiff alleges that he was terminated based on race, age, and sex. On November 18, 1999, the parties filed a Joint

---

[1]Plaintiff's original Complaint was filed *pro se*.

Stipulation to Stay Further Proceedings Pending Participation in Alternative Dispute Resolution. The Court dismissed the case, without prejudice to its reinstatement following arbitration. The case proceeded to arbitration. Following an evidentiary hearing, the arbitrator found in favor of TRW.

On August 15, 2001, Plaintiff filed a Motion to Reinstate this Action, which was granted on September 5, 2001. Plaintiff, in his opposition to TRW's Motion for Summary Judgment, abandoned his claims of discrimination related to his termination, and made new allegations related to an alleged "failure to rehire." Plaintiff did not raise the wrongful failure to rehire claim during the lengthy arbitration proceeding.

On March 15, 2002, Plaintiff moved to file an Amended Complaint, which was subsequently granted. Plaintiff filed his Amended Complaint on April 15, 2002. Plaintiff's Amended Complaint asserts new allegations related to Defendant's alleged failure to rehire Plaintiff for other positions within the company.

## II. Applicable Law & Analysis

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if "[a]ll factual allegations in the complaint [are] accepted as true, and all reasonable inferences are construed in the light most favorable to the plaintiff." *Wagner v. Daewoo Heavy Indust. Am. Corp.*, ___F.3d ___; 2002 U.S. App. Lexis 7416, n.3 (No. 01-11998, 11th Cir., slip opinion Apr. 23, 2002). A motion to dismiss should be granted "when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* Additionally, " a complaint is also subject to dismissal under 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County,* 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff's belated attempt to assert a failure to rehire claim must fail.

In the first place, the claim must fail because it, like his discharge claim, is subject to arbitration. Plaintiff had a full and fair opportunity to present this claim to the arbitrator, but he failed to do so. This failure amounted to a waiver of the claim.

Even if the claim had not been waived, it would be barred by the applicable statutes of limitation. A six-months (180 days) period of limitations for the filing of a charge of discrimination is applicable to Plaintiff's ADEA and Title VII race and sex failure to rehire claims. Admittedly, Plaintiff did not file any such charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged failure to rehire. Thus, the EEOC never issued to him the required notice of his "right-to-sue" Defendant.

Plaintiff failure to timely file an EEOC charge on his failure to rehire claim is not saved by the "relation back" rule. Under Federal Rule of Civil Procedure 15(c), in order for a claim to relate back to the date of the filing of the original Complaint was filed, the amended claim must be based on the same "conduct, transaction, or occurrence" as the claims asserted in the original Complaint. A failure to rehire is distinctly different from a discharge.

For the same reason, Plaintiff's alleged racially discriminatory failure to rehire claim under Section 1981 must be dismissed. Section 1981 claims must be filed in federal court within two years of the allegedly discriminatory act. Plaintiff does not deny that when the Amended Complaint was filed, more than two years have elapsed since Defendant failed to rehire him.

## Conclusion

Plaintiff has waived his right to assert a failure to rehire claim against Defendant TRW, due to his failure to present those claims during arbitration. In any event, the failure to rehire

claim is barred by the applicable statutes of limitations.

By separate order, this case will be dismissed.

Done this 31st day of May, 2002.

_____
Chief United States District Judge
U.W. Clemon